IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19-CR-253 |
| | ) | |
| KRISTOPHER LEE DALLMANN, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

In this criminal copyright infringement case, the following matters are scheduled for hearings on Thursday, July 9, 2020 at 10:00 a.m.: (1) the government's Renewed Motion Requesting Confirmation of Waiver of Attorney-Client Privilege, (2) defendant Kristopher Dallmann's Motion to Suppress Statements and Evidence, (3) defendant Jared Edward Jaurequi's Motion to Suppress Statements and Evidence, (4) the third petition for action on conditions of defendant Jaurequi's pretrial release and its addenda, and (5) the petition for action on conditions of defendant Dallmann's pretrial release and its addendum.

On Monday, July 6, 2020 at 12:12 a.m., defendant Kristopher Dallmann filed a Renewed Motion to Continue Hearing Due to Medical Reasons, requesting a continuance because defendant Dallmann has recently experienced shortness of breath. The Renewed Motion states that Dallmann visited an urgent care facility on July 1, 2020, was tested for COVID-19, and was advised to self-quarantine until he receives a negative test result. The Renewed Motion does not state whether defendant Dallmann has received a test result since he was tested on July 1, 2020 or when a test result is expected. Defendant Jared Jaurequi has not filed a motion to continue the July 9, 2020 hearing, but defendant Jaurequi's counsel has informed the Courtroom Deputy that

1

he intends to file a motion requesting a continuance.[1] The government opposes defendant Dallmann's Renewed Motion to Continue Hearing Due to Medical Reasons.

Given that two of the hearings scheduled for July 9, 2020 are the product of defendant Dallmann and defendant Jaurequi's refusal to comply with conditions of pretrial supervision and the Court's Orders, it is appropriate to consider the defendants' history of noncompliance with their conditions of pretrial supervision in evaluating defendant Dallmann's request for a continuance. Defendants Dallmann and Jaurequi are married and reside together in Las Vegas, Nevada. Defendants' conditions of pretrial release require, among other things, that defendants submit urine specimens at the direction of the Pretrial Services Office in the District of Nevada. On December 6, 2019 and January 10, 2020, defendant Jaurequi was found in violation of his conditions of pretrial release for submitting urine specimens that confirmed positive for methamphetamines and for refusing to submit urine specimens as directed. On both occasions, defendant Jaurequi was remanded to the custody of the United States Marshals Service. On February 12, 2020, the Pretrial Services Office filed a third petition for action on conditions of defendant Jaurequi's supervised release. An addendum to the third petition for action on defendant Jaurequi's conditions of pretrial release was filed on March 9, 2020.[2]

In May 2020, both defendants refused to submit urine specimens as directed by the Pretrial Services Office and expressed concerns about the risks presented by COVID-19. In response to defendant's concerns, the Court requested that the Pretrial Services Office

---

[1] Defendant Jaurequi's counsel's communication to the Courtroom Deputy refers to "medical notes" but does not specify any other basis for defendant Jaurequi's forthcoming continuance request. Presumably, defendant Jaurequi seeks a continuance on the same basis as defendant Dallmann.

[2] A hearing on defendant Jaurequi's alleged violations of the conditions of his pretrial release was scheduled for March 13, 2020, but the March 13, 2020 hearing was continued after defendant Jaurequi reported experiencing flu-like symptoms on March 12, 2020.

investigate the practices used at the contractor facility for drug testing. Orders then issued on May 12, 2020 requiring defendant Dallmann and defendant Jaurequi to provide urine specimens as directed by the Pretrial Services Office and making clear that the contractor facility used by the Pretrial Services Office for drug testing observed appropriate social distancing safeguards. The May 12, 2020 Orders warned defendants that failure to comply would result in issuance of a summons or a bench warrant.

Since May 12, 2020, defendant Dallmann and defendant Jaurequi have continued to frustrate the Pretrial Services Office's supervision efforts. A May 21, 2020 petition for action on conditions of defendant Dallmann's pretrial release alleges that defendant Dallmann failed to report for substance abuse testing in the District of Nevada on May 15, 2020. A May 28, 2020 addendum to the third petition for action on defendant Jaurequi's conditions of pretrial release alleges that defendant Jaurequi failed to report as required and submit a random urine specimen in the District of Nevada on several occasions during April and May 2020. A June 16, 2020 addendum to the petition for action on conditions of defendant Dallmann's pretrial release alleges that on June 7, 2020 defendant Dallmann failed to report as required for substance abuse testing as directed by his supervising officer and that defendant has failed to call the drug testing recording line as directed by his supervising officer. And a July 1, 2020 addendum to the third petition for action on defendant Jaurequi's conditions of pretrial release alleges that defendant Jaurequi failed to report as required for random drug testing on several occasions during May and June 2020. Defendant Dallmann and defendant Jaurequi have also refused to comply with basic requests to provide medical information and participate in supervision via videoconference.

This is not the first time defendant Dallmann has sought to continue the hearings now scheduled for July 9, 2020 for medical reasons. When the hearings were previously scheduled for

June 19, 2020, defendant Dallmann moved for an indefinite continuance of those hearings for medical reasons, stating that he suffers from a medical condition that compromises his immune system and that he had received medical advice not to travel. Defendant Dallmann's motion to continue was granted in part and denied in part, and the consolidated hearing was scheduled for July 9, 2020, at 10:00 a.m.

Defendants Dallmann and Jaurequi were required to indicate in pleadings filed on or before June 19, 2020 whether defendants intended to appear voluntarily in the Eastern District of Virginia on July 9, 2020. The Order made clear that in the event that a defendant or his counsel indicated in a pleading that the defendant would not voluntarily appear in the Eastern District of Virginia for the July 9, 2020 hearing, a bench warrant would issue for that defendant's arrest and he would be transported to this District for the July 9, 2020 hearing. On June 18, 2020, defendant Dallmann indicated in a pleading that he would appear voluntarily in the Eastern District of Virginia and filed a motion requesting that the United States Marshals Service arrange and pay for defendant Dallmann's travel expenses. That same day, defendant Jaurequi filed a similar pleading and motion.

Defendant Dallmann's Renewed Motion to Continue Hearing for Medical Reasons is unpersuasive. As the government correctly points out, defendant Dallmann's Renewed Motion is threadbare; the July 6, 2020 Renewed Motion contains no details regarding the results of defendant Dallmann's July 1, 2020 COVID-19 test or whether defendant Dallmann is still experiencing shortness of breath or any other symptoms of COVID-19. To be sure, defendant Dallmann suffers from a medical condition that compromises his immune system and may make him more vulnerable to COVID-19. But defendant's vulnerability to COVID-19 does not excuse him from attending the hearings scheduled for July 9, 2020, one of which is the result of

defendant Dallmann's repeated refusal to comply with his conditions of pretrial release.

Accordingly,

It is hereby **ORDERED** that defendant Dallmann's Renewed Motion to Continue Hearing for Medical Reasons (Dkt. 339) is **DENIED**.

The Clerk is directed to send a copy of this Order to the Pretrial Services Office, the Probation Office, the Marshals Service, and all counsel of record.

Alexandria, Virginia
July 6, 2020

/s/
_____
T. S. Ellis, III
United States District Judge

5