IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 1:19-CR-253 |
| ) | |
| KRISTOPHER LEE DALLMANN, *et al.*, ) | |
| Defendants. ) | |

## ORDER

In this criminal copyright infringement case, the following matters were scheduled for hearings on Thursday, July 9, 2020 at 10:00 a.m.: (1) the government's Renewed Motion Requesting Confirmation of Waiver of Attorney-Client Privilege, (2) defendant Kristopher Dallmann's Motion to Suppress Statements and Evidence, (3) defendant Jared Edward Jaurequi's Motion to Suppress Statements and Evidence, (4) the third petition for action on conditions of defendant Jaurequi's pretrial release and its addenda, and (5) the petition for action on conditions of defendant Dallmann's pretrial release and its addenda.

On Wednesday, July 8, 2020, counsel for defendants Dallmann and Jaurequi filed notices informing the Court that American Airlines personnel did not permit defendants to board their flight from Las Vegas, Nevada to Ronald Reagan Washington National Airport because defendants had not yet received results from COVID-19 tests administered on July 1, 2020.

On Thursday, July 9, 2020, the government filed a Motion for Issuance of Bench Warrants and to Proceed with Motions Hearing by Permitting Defendants to Appear Remotely. The government notes that defendants' absence is unsurprising given defendants' history of non-compliance with conditions of pre-trial release and efforts to continue hearings scheduled in this matter indefinitely. In light of defendants' past conduct, the government suggests that there is

1

reason to question what the defendants did and said during the check-in process that apparently resulted in American Airlines personnel forbidding defendants from boarding their flights.

Although no conclusion is drawn about whether defendants ever intended to appear at the July 9, 2020 hearings, it is reasonable for the government to argue that the defendants are using health concerns to avoid the consequences of their refusal to comply with conditions of pretrial supervision. A review of the record in this case discloses facts that invite such an inference.

Defendants Dallmann and Jaurequi are married and reside together in Las Vegas, Nevada. Defendants' conditions of pretrial release require, among other things, that defendants submit urine specimens at the direction of the Pretrial Services Office in the District of Nevada. On December 6, 2019 and January 10, 2020, defendant Jaurequi was found in violation of his conditions of pretrial release for submitting urine specimens that confirmed positive for methamphetamines and for refusing to submit urine specimens as directed. On December 6, 2019, defendant Jaurequi was remanded to the custody of the United States Marshals Service until December 10, 2019. On January 10, 2020, defendant Jaurequi was remanded to the custody of the United States Marshals Service until January 17, 2020.

On February 12, 2020, the Pretrial Services Office filed a third petition for action on conditions of defendant Jaurequi's supervised release that alleged that on February 6, 2020 defendant submitted a urine specimen that tested positive for methamphetamines and that defendant admitted to using methamphetamines for four days after being released from custody on January 17, 2020 as well as on February 1, 2020. An addendum to the third petition for action on defendant Jaurequi's conditions of pretrial release was filed on March 9, 2020 that alleged that defendant Jaurequi failed to report as required and submit random urine specimens as directed on February 21, February 24, February 25, February 26, February 28, March 2, and

March 3, 2020.

In May 2020, both defendants refused to submit urine specimens as directed by the Pretrial Services Office and expressed concerns about entering the contractor facility for drug testing in light of the risks presented by COVID-19. In response to defendant's concerns, the Court requested that the Pretrial Services Office investigate the practices used at the contractor facility for drug testing. Orders then issued on May 12, 2020 requiring defendant Dallmann and defendant Jaurequi to provide urine specimens as directed by the Pretrial Services Office and making clear that the contractor facility used by the Pretrial Services Office for drug testing observed appropriate social distancing safeguards. The May 12, 2020 Orders warned defendants that failure to comply would result in issuance of a summons or a bench warrant.

Since May 12, 2020, defendant Dallmann and defendant Jaurequi have continued to refuse to submit urine specimens as directed by the Pretrial Services Office. Specifically:

- A May 21, 2020 petition for action on conditions of defendant Dallmann's pretrial release alleges that defendant Dallmann failed to report for substance abuse testing in the District of Nevada on May 15, 2020.

- A May 28, 2020 addendum to the third petition for action on defendant Jaurequi's conditions of pretrial release alleges that defendant Jaurequi failed to report as required and submit a random urine specimen in the District of Nevada on April 23, April 26, May 2, May 9, May 12, May 14, and May 18, 2020.

- A June 16, 2020 addendum to the petition for action on conditions of defendant Dallmann's pretrial release alleges that defendant Dallmann failed to report as required for substance abuse testing as directed by his supervising officer on June 7, 2020 and that defendant has failed to call the drug testing recording line as directed by his supervising officer.

- A July 1, 2020 addendum to the third petition for action on defendant Jaurequi's conditions of pretrial release alleges that defendant Jaurequi failed to report as required for random drug testing on May 29, June 6, June 19, and June 25, 2020.

- A July 7, 2020 addendum to the third petition for action on defendant Jaurequi's conditions of pretrial release alleges that defendant Jaurequi failed to report as required for random drug testing on June 11, June 13, June 15, June 27, June 29, and July 6, 2020.

3

- A June 8, 2020 addendum to the petition for actions on conditions of defendant Dallmann's pretrial release alleges that defendant Dallmann failed to report as required for substance abuse testing on July 7, 2020.

Defendant Dallmann and defendant Jaurequi have also refused to comply with basic requests to provide medical information and participate in supervision via videoconference.

Previously, a consolidated hearing was scheduled for June 19, 2020. Defendant Dallmann moved for an indefinite continuance of the June 19, 2020 hearing for medical reasons, stating that he suffers from a medical condition that compromises his immune system and that he has received medical advice not to travel. Defendant Dallmann's motion to continue was granted in part and denied in part, and the consolidated hearing was rescheduled for July 9, 2020.

Defendants Dallmann and Jaurequi were required to indicate in pleadings filed on or before June 19, 2020 whether defendants intended to appear voluntarily in the Eastern District of Virginia on July 9, 2020. The Order made clear that in the event that a defendant or his counsel indicated in a pleading that the defendant would not voluntarily appear in the Eastern District of Virginia for the July 9, 2020 hearing, a bench warrant would issue for that defendant's arrest and he would be transported to this District for the July 9, 2020 hearing. On June 18, 2020, defendant Dallmann indicated in a pleading that he would appear voluntarily in the Eastern District of Virginia and filed a motion requesting that the United States Marshals Service arrange and pay for defendant Dallmann's travel expenses. That same day, defendant Jaurequi filed a similar notice and motion.

On Monday, July 6, 2020, defendant Dallmann filed a Renewed Motion to Continue Hearing Due to Medical Reasons, requesting a continuance because defendant Dallmann had experienced shortness of breath. The Renewed Motion stated that Dallmann visited an urgent care facility on July 1, 2020, was tested for COVID-19, and was advised to self-quarantine until

he received a negative test result.[1] The Renewed Motion did not state whether defendant Dallmann had received a test result since his July 1, 2020 test or when a test result is anticipated. Defendant Dallmann's Renewed Motion to Continue Hearing for Medical Reasons was denied. Although there is no doubt that defendant Dallmann suffers from a serious medical condition that may make him more vulnerable to COVID-19, defendant Dallmann's potential vulnerability to COVID-19 did not excuse him from attending the hearings scheduled for July 9, 2020.

Because defendant Dallmann and defendant Jaurequi did not board their flights, defendant Dallmann and defendant Jaurequi did not appear for the July 9, 2020 hearing. Although the government sought to proceed with the July 9, 2020 hearings by permitting defendants to participate remotely, the hearings scheduled for July 9, 2020 must be continued. Defendant Dallmann and defendant Jaurequi have indicated that they may testify at the hearings on the motion to confirm waiver of attorney-client privilege and the motions to suppress, and the parties' briefing suggests that a credibility determination will be necessary to resolve the pending motions.[2] Accordingly, the hearings scheduled for July 9, 2020 will be continued to Thursday, September 17, 2020 at 2:00 p.m.

The government also seeks bench warrants for the arrest of defendant Dallmann and defendant Jaurequi to ensure that the defendants appear for the hearings on their pretrial release violations. In light of defendants' refusal to comply with the conditions of their pretrial supervision, bench warrants will issue for the arrest of defendant Dallmann and defendant

---

[1] Defendant Jaurequi did not file a motion to continue the July 9, 2020 hearing, but subsequent filings indicate that defendant Jaurequi was also tested for COVID-19 on July 1, 2020.

[2] As noted, the motions pending are (1) the government's Renewed Motion Requesting Confirmation of Waiver of Attorney-Client Privilege, (2) defendant Kristopher Dallmann's Motion to Suppress Statements and Evidence, (3) defendant Jared Edward Jaurequi's Motion to Suppress Statements and Evidence, (4) the third petition for action on conditions of defendant Jaurequi's pretrial release and its addenda, and (5) the petition for action on conditions of defendant Dallmann's pretrial release and its addenda.

Jaurequi. To be sure, it is important not to imperil the health of either defendant Dallmann, who suffers from a serious medical condition, or defendant Jaurequi. But defendants Dallmann and Jaurequi must be present in this District in order to resolve the motions pending in this case and the petitions for action on conditions of defendants' pretrial release. Because defendant Dallmann and defendant Jaurequi have declined on numerous occasions to comply voluntarily with the conditions of their pretrial release, it is necessary to have defendant Dallmann and defendant Jaurequi arrested and transported to the Eastern District of Virginia in the custody of the United States Marshals Service. Counsel for defendant Dallmann and defendant Jaurequi may file pleadings seeking reconsideration of the decision to issue bench warrants for defendant Dallmann and defendant Jaurequi on or before Monday, July 20, 2020 at 5:00 p.m.

Accordingly,

It is hereby **ORDERED** that the government's Motion for Issuance of Bench Warrants and to Proceed with Motions Hearing by Permitting Defendants to Appear Remotely (Dkt. 356) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is **GRANTED** insofar as bench warrants will be issued for the arrest of defendant Dallmann and defendant Jaurequi. Counsel for defendant Dallmann and defendant Jaurequi may file pleadings seeking reconsideration of the decisions to issue bench warrants for defendant Dallmann and defendant Jaurequi on or before **Monday, July 20, 2020 at 5:00 p.m.** The motion is **DENIED** insofar as the hearings scheduled for July 9, 2020 will be continued.

It is further **ORDERED** that the hearings in this matter previously scheduled for July 9, 2020, at 10:00 a.m. are **CONTINUED** to **Thursday, September 17, 2020 at 2:00 p.m.**

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
July 9, 2020

/s/
T. S. Ellis, III
United States District Judge